**ADJUTANT GENERAL**

v.

**SORRENTINO.**

Court of Claims of Ohio.

No. 93–12365–PR.

Decided Oct. 19, 1994.

*Lee Fisher,* Attorney General, *Teri Jo Finfrock* and *Catherine M. Cola,* Assistant Attorneys General, for plaintiff.

*James J. Condit,* for defendant.

FRED J. SHOEMAKER, Judge.

The parties in this case were previously before this court in another action. See *Sorrentino v. Ohio Natl. Guard* (Oct. 27, 1988), Ct. of Cl. No. 88–03434, unreported. In that case, Thomas P. Sorrentino asserted three causes of action against the Ohio National Guard ("ONG") on behalf of a class consisting of all Ohio residents who enlisted in the ONG with a written contractual commitment for one-hundred-percent tuition grants. The claims included breach of contract, fraudulent inducement to enlist, and deprivation of property without due process. This court sustained defendant's motion to dismiss the class action on the pleadings. After the dismissal, Sorrentino filed a motion to vacate, which the court overruled. Sorrentino appealed to the Tenth District Court of Appeals. See *Sorrentino v. Ohio Natl. Guard* (Mar. 14, 1989), Franklin App. No. 88AP–1085, unreported, .1989 WL 23746. The appellate court held that Sorrentino and the other class members had binding contracts with the ONG, which the Ohio General Assembly could not vitiate.

The Supreme Court of Ohio granted a motion to certify the record and reversed the judgment of the court of appeals, stating: "[W]e remand this case to the Court of Claims for a determination of the action on the merits with rescission being the sole remedy available to the appellees." See *Sorrentino v. Ohio Natl. Guard* (1990), 53 Ohio St.3d 214, 219, 560 N.E.2d 186, 191. After the remand, Sorrentino elected not to pursue the matter. Consequently, on August 18, 1992, this court dismissed the class action for lack of prosecution pursuant to Civ.R. 41(B)(1).

Plaintiff, Adjutant General ("AG"), then filed this action against defendant, Sorrentino, in the Hamilton County Court of Common Pleas. Upon petition by Sorrentino, the case was removed to this court pursuant to R.C. 2743.03(E)(1) and (2). The AG alleged that pursuant to R.C. 5919.34(E), Sorrentino had a legal responsibility to repay all of the educational grants he had received from the AG to attend college, plus ten percent interest, because he failed to complete his term of enlistment. Sorrentino denied the allegation. In addition, he filed a counter-claim alleging that plaintiff (1) fraudulently induced him to enlist in the ONG, (2) precluded him from completing his enlistment term, and (3) deprived him of property and services without just compensation. He demanded compensatory damages, rescission of the contract, and payment of adequate compensation for the services and assets taken from him.

This action came on for trial on August 8, 1994. Upon consideration of all of the evidence, the court renders the following decision.

■ R.C. 2743.16(A) provides that a civil action against the state "shall be commenced no later than two years after the date of accrual of the cause of action

or within any shorter period that is applicable to similar suits between private parties." Sorrentino's counterclaims accrued either in (1) February 1988, when the General Assembly reduced the tuition benefits to Ohio National Guardsmen, (2) September 1990, when Sorrentino received a general discharge, or (3) March 1991, after Sorrentino returned from Operation Desert Storm. In any event, all of these dates are beyond the two-year statute of limitations set forth in R.C. 2743.16(A). Accordingly, the court finds that the only possible remedy available to Sorrentino for his claims of fraudulent inducement to enlist and deprivation of property and services without just compensation would be rescission of his enlistment agreement. Consequently, Sorrentino's counterclaims for monetary damages are without merit.

Plaintiff maintains that Sorrentino must repay all of the education grants he received, plus ten percent interest, pursuant to R.C. 5919.34(E). The statute provides:

"(E) A member of the Ohio national guard who fails to complete the term of enlistment he was serving at the time an educational grant was paid on behalf of him under this section is liable to this state for repayment of all educational grants paid on behalf of him under this section, plus interest at the rate of ten per cent per annum calculated from the dates the grants were paid.

"The attorney general may file a civil action on behalf of the adjutant general to recover the amount of the grants and the interest provided for in this section and the expenses incurred in prosecuting the action, including court costs and reasonable attorneys' fees. A member of the national guard is not liable under this division if his failure to complete the term of enlistment he was serving at the time an educational grant was paid on behalf of him under this section is due to his death, discharge from the national guard due to his disability, or his enlistment, for a term not less than his remaining term in the national guard, in the active or reserve forces of the United States armed forces."

Plaintiff alleges that because Sorrentino received a general discharge and did not complete his term of enlistment, plaintiff is entitled to reimbursement under R.C. 5919.34(E). Sorrentino claims that the AG precluded him from completing his enlistment agreement.

The specific facts which led the AG to issue Sorrentino a general discharge are as follows:

An active member of the ONG is required to attend twelve weekend training drills per year, which are broken down into four-hour increments. A guardsman earns a day's wages for each four hours of successfully completed drill time. A typical weekend drill day begins at 7:00 a.m. and concludes at 4:00 p.m. Therefore, a guardsman receives credit and pay for two days of service for every

given weekend drill day. If a weekend drill includes a four-hour training session on Friday evening, a guardsman is entitled to five days' credit for that weekend. However, if a guardsman misses a weekend drill he can only be charged with a maximum of four absences for that weekend.

On September 27, 1990, Captain Whitt discharged Sorrentino from the ONG for unsatisfactory participation. Specifically, he charged Sorrentino with eleven unexcused absences in one year. Whitt testified that ONG regulations, which were posted and readily available to all guardsmen, allow a guardsman to accumulate as many as nine unexcused absences without being discharged. Plaintiff maintains that it sent a certified letter to Sorrentino to warn him of his status after each of his unexcused absences. Plaintiff further explained that unexcused absences could be changed to excused absences, by making arrangements with Whitt to make up the previously missed training session. After Sorrentino accumulated six unexcused absences, Whitt reduced Sorrentino's rank and ordered him to turn in his ONG equipment. Sorrentino testified that he did not realize that his absences were unexcused until plaintiff ordered him to turn in his equipment.

Prior to Whitt's assuming control of the ONG unit to which Sorrentino was assigned, several individuals, including squad leaders, had the authority to excuse a guardsman from a training drill. In November 1988, Whitt changed the unit policy regarding absences. Under this new policy, Whitt required guardsmen to initially call their respective squad leaders to explain why they would be absent. Next, they were to notify their platoon leader and first sergeant, respectively. Finally, they were to notify Captain Whitt personally. However, only Whitt had the authority to excuse a guardsman from a drill.

The question for this court is whether plaintiff proved by a preponderance of the evidence that it is entitled to recover the educational grants made on behalf of Sorrentino. The court need not consider the essence of the underlying enlistment agreement between plaintiff and Sorrentino to reach a decision in this case.

As stated by the Ohio Supreme Court:

"Ohio courts have jurisdiction to decide cases regarding the discharge of members of the ONG not in federal service under the modern militia system found in Section 8, Article I of the United States Constitution:

"The Congress shall have power * * *:

" '[Clause 15] To provide for calling forth the Militia to execute the Laws of the Union, suppress insurrections and repel Invasions;

" '[Clause 16] To provide for organizing, arming, and disciplining the Militia, and for governing such Part of them as may be employed in the Service of the United States, *reserving to the States, respectively, the Appointment of Officers*

*and the Authority of training the Militia according to the discipline prescribed by Congress[.]* " (Emphasis added.) *Sorrentino,* 53 Ohio St.3d at 218–219, 560 N.E.2d at 190.

From the evidence presented at trial, it is unclear whether Whitt completely changed his ONG unit's absenteeism policy or merely began enforcing an existing policy. The AG did not produce return copies of the certified letters it allegedly sent to Sorrentino, nor did it offer the posted ONG policy regarding absences from drills. Accordingly, the court finds that the AG did not prove that Sorrentino had notice of his unexcused absences. In addition, the court further finds that Whitt's policy requiring four phone calls was unclear and that Sorrentino reasonably believed calling his first sergeant was sufficient to excuse him from drills. Moreover, Sorrentino proved he had a justifiable reason for not attending one of the weekend drills when he called his sergeant and explained that he had to attend job interviews in Florida. Consequently, the AG is not entitled to recoupment under R.C. 5919.34(E).

For the foregoing reasons, judgment shall be rendered in favor of defendant, Thomas P. Sorrentino, and against plaintiff, Adjutant General.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.